UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GERNARD DENEZ CHESTNUT,

    Plaintiff,

v.                                         Case No. 3:20cv5679-MCR-HTC

CLEMMONS WALKER, et al.,

    Defendants.
_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Gernard Denez Chestnut, a prisoner proceeding *pro se*, initiated this action by filing a civil rights complaint attempting to assert claims under 42 U.S.C. § 1983 (ECF Doc. 1) and a motion for leave to proceed *in forma pauperis* (ECF Doc. 2). The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon reviewing Plaintiff's complaint and litigation history, the undersigned finds that Plaintiff's motion for leave to proceed *in forma pauperis* should be DENIED and recommends that this case be DISMISSED WITHOUT PREJUDICE because Plaintiff (1) is a three-striker under 28 U.S.C. § 1915(g); (2) has not shown he is under imminent danger of serious physical injury; and (3) failed to pay the requisite filing fee upon initiating this suit.

I.     BACKGROUND

Plaintiff is an inmate in the custody of the Florida Department of Corrections ("FDOC") currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI").  His complaint names eight (8) Santa Rosa CI employees as well as multiple John Doe Santa Rosa CI officers.  The complaint sets forth eight (8) separate incidents involving alleged use of excessive force by various officers, an assault by an inmate, failure to provide medical treatment, or alleged falsification of documents by a nurse.  The first of these incidents occurred in October 2019, and the last in July 2020.  Plaintiff also alleges that the assaults, use of force, or retaliation occurred because he has been labeled a "snitch" and that he is on a "hit list."  ECF Doc. 1 at 12.

II.    **PLAINTIFF IS A THREE-STRIKER UNDER 28 U.S.C. § 1915(g)**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner seeking to proceed *in forma pauperis* cannot do so if he has filed at least three (3) cases which have been dismissed for failure to state a claim or as frivolous or malicious.  Specifically, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

In the complaint form used by Plaintiff, Plaintiff identifies three (3) cases which have been dismissed based on a ground set forth in 28 U.S.C. § 1915(g). ECF Doc. 1 at 16 (identifying the following cases filed in this district: 4:11-cv-232-MP-WCS; 4:12-cv-551-SPM-CAS, and 4:14-cv-403-MW-GRJ). The Court has independently verified this admission. Also, the Court further takes judicial notice that the courts in the following additional cases dismissed Plaintiff's action because he is a 3-striker:

> Case No. 3:15cv1173-J-39PDB (M.D. Fla.) (dismissed under three-strikes provision and rejecting allegations by Plaintiff that his "life is in imminent danger" as insufficient to show imminent danger of physical harm)

> Case No. 3:17-cv-307-J-20PDB (M.D. Fla.) (dismissed under three-strikes provision and finding lack of imminent danger despite allegations that officers continue to taunt him, where complaint was based on an alleged incident occurring in the past)

Case No.:   3:18-cv-875-MMH-JRK (M.D. Fla. July 16, 2018) (dismissed complaint based on 3-strike status and also for lack of a showing of imminent danger of serious physical injury)[1]

Case No.: 3:18-cv-489-J-34PDB (M.D. Fla. April 26, 2018) (dismissed pursuant to 28 U.S.C. § 1915(g) and finding lack of imminent danger of serious physical injury despite Plaintiff's allegation his life was in danger because officer was trying to starve him and allegations relating to separate incidents of misconduct)

Being fully aware that he is a 3-striker under § 1915(g), Plaintiff contends, as he did in the cases above, that he should be able to proceed with this action because he is under imminent danger of serious physical injury. ECF Doc. 1 at 24. The undersigned disagrees.

The imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Notably, Plaintiff cannot rely on past conduct to establish imminent danger. Instead, Plaintiff must demonstrate he was in imminent danger of serious physical injury *at the time he initiated this proceeding*. See *Medberry v. Butler,* 185 F.3d 1189 (11th Cir. 1999) (holding that, to fall within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court).

Plaintiff has failed to make such a showing here. Rather, Plaintiff's complaint is based on *past* conduct and *past* incidents of harm. Such allegations are simply not

---

[1] As discussed in Section III, below, Plaintiff failed to disclose this case.

Case No. 3:20cv5679-MCR-HTC

a basis for a finding of imminent danger of physical harm. *See Medberry*, 185 F.3d at 1193; *see also Brown*, 387 F.3d at 1349 (finding that the imminent danger exception to § 1915(g) requires "a present imminent danger, as opposed to a past danger"). Indeed, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Medberry*, 185 F.3d at 1193 (citations omitted).

Additionally, Plaintiff's allegations that he has been labeled a "snitch" and is on a "hit list" are insufficient to show imminent danger of physical harm. Merely being labeled a "snitch," without a showing of specific, credible, real and proximate danger at the time of filing, is insufficient to invoke the imminent danger exception under § 1915(g). *See Taylor v. Allen*, 2009 WL 1758801, at *2 (S.D. Ala. Jun. 16, 2009) (holding that plaintiff's allegations of being labeled a "snitch" by defendant did not invoke the imminent danger exception because "[t]his exception ... require[s] *specific* allegations of present imminent danger that may result in serious physical harm").

Furthermore, to the extent Plaintiff seeks to rely on the separate events alleged in his complaint as some sort of conspiracy or "pattern" against him, such reliance is speculative, at best, and cannot support a finding of imminent danger of physical harm. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that general allegations that are not grounded in specific facts indicating that serious

Case No. 3:20cv5679-MCR-HTC

physical injury is imminent are not sufficient to invoke the exception to § 1915(g)); *Coleman v. Department of Corrections,* 2008 WL 2474635, at *3 (N.D. Fla. June 13, 2008) (unpublished) (finding the allegation of fear for safety because he had been assaulted more than once to be a generalized allegation not founded on specific facts that indicated a physical injury is imminent).

To fall within the imminent danger exception, Plaintiff's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). Allegations that "describe[] merely a hypothetical or speculative danger and fail[] to suggest that any specific threat has been made against plaintiff", such as Plaintiff's allegations here that he is "no longer safe in North Florida Institutions" because all of the administrators "have conspired" against him, are insufficient to meet the imminent danger standard. *See Cole v. Tifft*, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (citing *Luedtke v. Bertrand,* 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) (plaintiff's "vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury") and *Welch v. Selsky,* 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("[t]he imminent danger an inmate faces ... must be real, and not merely speculative or hypothetical")).

Moreover, as the undersigned noted above, this is not the first time Plaintiff has claimed he is imminent danger, and done so based on past incidents, in an

Case No. 3:20cv5679-MCR-HTC

attempt to circumvent the 3-strike rule.  Indeed, he has made such allegations since at least 2015.  As one court in the Middle District noted, "Chestnut is a very active litigant in the United States." *Chestnut v. Sec'y, Fla. Dept. of Corr.*, 3:17-cv-307-J-20PDB (ECF Doc. 3 at 1).

### III. FAILURE TO DISCLOSE

In Plaintiff's complaint form, Plaintiff identified fifteen (15) prior cases that he has filed in federal or state court relating to the conditions of his confinement or based on the same facts as raised here.  ECF Doc. 1 at 16-19.  Plaintiff, however, failed to disclose *all* of his prior litigation history.  Thus, as an additional ground, this action should be dismissed because of Plaintiff's failure to disclose.  "A plaintiff's affirmative misrepresentation regarding [his] prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under . . . § 1915A(b)(1)."  *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct."  ECF Doc. 1 at 18.  Despite that declaration, Plaintiff made a false representation in the complaint.

Case No. 3:20cv5679-MCR-HTC

Section VIII of the amended complaint, titled PRIOR LITIGATION, specifically asks: "C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 17. The complaint form requires Plaintiff to identify and describe any and all prior actions responsive to the question.[2] As stated above, Plaintiff swore that, when he signed his complaint on July 9, 2020, he had not filed any prior actions, other than the ones identified, in federal court challenging his conviction or relating to the conditions of his confinement. Plaintiff's representation to the Court, however, was not truthful or accurate. To the contrary, at the time Plaintiff signed his complaint, Plaintiff had filed *twenty-four (24) cases* challenging his conviction or relating to the conditions of his confinement. None of these additional nine (9) cases were disclosed. Moreover, the overwhelming majority of cases filed by Plaintiff were dismissed because he failed to use the right form or because he is a 3-striker.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition,

---

[2] The Court notes that while Plaintiff identified the cases by case number, he failed to provide any other descriptive information.

Case No. 3:20cv5679-MCR-HTC

can be considerable. Upon such an investigation in this case, the undersigned discovered that, at the time Plaintiff signed his complaint, he had filed the following additional cases, which he failed to disclose:

- *Chestnut v. McClendon*, 4:11-cv-305-WS-CAS (jury verdict for defendant)
- *Chestnut v. Peterson* 4:11-cv-225-MP-CAS (summary judgment for defendants)
- *Chestnut v. Burke*, 3:15-cv-69-LC-CJK (voluntarily dismissed)
- *Chestnut v. Carr*, 3:15-cv-46-MCR-EMT (voluntarily dismissed)
- *Chestnut v. Thompson*, 3:15-cv-1270 (dismissed for failure to use court's form and finding no imminent danger)
- *Chestnut v. McKinney*, 3:17-cv-424 (dismissed for failure to use correct form)
- *Chestnut v. Cauthisberger*, 3:18-cv-1082 (dismissed for failure to use court's form)
- *Chestnut v. Attaberry*, 3:18-cv-875 (dismissed as a 3-striker)
- *Chestnut v. Walker*, 3:20-cv-5679-MCR (pending habeas petition)

Plaintiff did not disclose these federal actions despite the complaint form's clear instructions.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. Similarly, Plaintiff's allegation that "95% of the cases [he's] filed were never civil suit cases but rather 'petitions or letters' to the federal court in Jacksonville notifying them of dangers circumstances/ conditions" does not eliminate the need for him to have accurately disclosed the filing of those matters in the complaint form. ECF Doc. 1 at 24. He knew from the orders dismissing those actions that they were treated as cases and, thus, he should have

identified them as such. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff made a false representation in his complaint, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case.**" ECF Doc. 1 at 18 (emphasis in original). If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the complaint form. The Court should not allow Plaintiff's false response to go unpunished. As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52.

Thus, an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See, e.g*, *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (holding prisoner's failure to disclose previous federal lawsuit constituted abuse of the judicial process warranting dismissal, and

Case No. 3:20cv5679-MCR-HTC

prisoner's misrepresentation was not excused by his explanation that he misunderstood the complaint form); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

## IV.   CONCLUSION

As noted above, the imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis*, 279 F.3d at 531 (7th Cir. 2002). Plaintiff has not shown that any such circumstances exist here. While the isolated incidents of alleged harm to Plaintiff are not matters that the Court takes lightly, Plaintiff is also not without a remedy or relief for those claims. To the extent Plaintiff has exhausted those claims he can seek relief for them provided that he pay the full filing fee.

Because Plaintiff is a three-striker, he is not entitled to proceed *in forma pauperis*. Therefore, his case should be dismissed without prejudice. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). Similarly, as set for the above, as an additional basis for dismissal, Plaintiff has failed to disclose his complete litigation history.

Moreover, a *sua sponte* dismissal is appropriate here because this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed and gives Plaintiff the opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also Glover v. Williams*, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is ORDERED:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

And it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) and for abuse of the judicial process by failing to disclose Plaintiff's complete litigation history.

2. The clerk be directed to close this file.

At Pensacola, Florida, this 2nd day of September, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**